## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

TAMMIE MARQUEZ, et al.              )
                                   )
                Plaintiffs,        )
                                   )
v.                                 )          **Case No. 2:19-cv-02362**
                                   )
MIDWEST DIVISION MMC, LLC, et al.  )
                                   )
                Defendants.        )

### DEFENDANT HEALTHTRUST WORKFORCE SOLUTIONS, LLC'S
### ANSWER, DEFENSES, AND AFFIRMATIVE DEFENSES
### TO PLAINTIFFS' SECOND AMENDED COMPLAINT

Defendant HealthTrust Workforce Solutions, LLC ("**Defendant**") denies Plaintiffs Tammie Marquez, Neesha Perez, and Josiah Chumba's (collectively "**Plaintiffs**") claims and for its answer to Plaintiffs' Second Amended Complaint for Damages (the "**Complaint**") states as follows:

### PLAINTIFFS' PRELIMINARY STATEMENT

1.      Responding to Paragraph 1 of the Complaint, Defendant admits that Plaintiffs have attempted to bring an action against it seeking relief for purported unpaid compensation, penalties, and damages.  Defendant denies that Plaintiffs have adequately alleged their claims and Defendant denies that Plaintiffs are entitled to the requested relief.  Defendant states that the allegation that "Defendants predominately provide health care services" is so vague that Defendant is unable to admit or deny the allegation, and therefore denies the same.  Defendant denies any and all remaining allegations of Paragraph 1.

2.      Defendant denies the allegations set forth in Paragraph 2 of the Complaint that are directed to Defendant.  Further, to the extent that the allegations in this paragraph are directed to the other defendants as well, Defendant has no obligation to respond on behalf of the other

defendants, and Defendant denies any and all allegations of Paragraph 2 not expressly admitted herein.

3.      Responding to Paragraph 3 of the Complaint, Defendant denies the allegations and legal conclusions set forth in Paragraph 3 of the Complaint that are directed to Defendant. Further, to the extent that the allegations in this paragraph are directed to the other defendants as well, Defendant has no obligation to respond on behalf of the other defendants, and Defendant denies any and all allegations of Paragraph 3 not expressly admitted herein.

4.      Responding to Paragraph 4 of the Complaint, Defendant admits that it assigned Marquez and Perez to perform services at Menorah Medical Center from time to time. Defendant denies all remaining allegations set forth in Paragraph 4 of the Complaint that are directed to Defendant.  Further, to the extent that the allegations in this paragraph are directed to the other defendants as well, Defendant has no obligation to respond on behalf of the other defendants, and Defendant denies any and all allegations of Paragraph 4 not expressly admitted herein.

5.      Responding to Paragraph 5 of the Complaint, Defendant lacks sufficient knowledge or information to determine the truth of the allegations in Paragraph 5, and therefore denies the same.

6.      Responding to Paragraph 6 of the Complaint, Defendant admits that Plaintiffs have attempted to bring a collective action under the FLSA and a class action under the common law.  Defendant denies that Plaintiffs' circumstances or their allegations satisfy the requirements for a collective action or a class action.  Answering further, Defendants deny that Plaintiffs are entitled to relief under the FLSA or the common law in any manner—collectively, on a class basis, individually, or otherwise.  Defendant denies all remaining allegations of Paragraph 6.

7.      Responding to Paragraph 7 of the Complaint, Defendant admits that Plaintiffs purport to attach their consents pursuant to 29 U.S.C. 216(b) to the Complaint.  Answering further, Defendant states that it lacks sufficient knowledge or information to admit or deny whether the consents are authentic, and therefore Defendant denies their authenticity.  Answering further, Defendant states that the purported consents are written documents that speak for themselves, and Defendant denies any and all allegations that are inconsistent with the terms of the written consents.

**PLAINTIFFS' ALLEGATIONS REGARDING THE PARTIES**

8.      Responding to Paragraph 8 of the Complaint, Defendant admits that plaintiff Marquez is a female.  Defendant states that the allegation regarding "Defendants' place of business" is so vague that Defendant is unable to admit or deny the allegation, and therefore denies the same.  Defendant lacks sufficient knowledge or information to form a belief about the truth of the remaining allegations of Paragraph 8, and therefore denies the same.

9.      Responding to Paragraph 9 of the Complaint, Defendant admits that it previously employed Plaintiff Marquez beginning on or about June 5, 2007.  Defendant denies that it still employs Plaintiff Marquez.  Further, to the extent that the allegations in this paragraph are directed to the other defendants as well, Defendant has no obligation to respond on behalf of the other defendants, and Defendant denies any and all allegations of Paragraph 9 not expressly admitted herein.

10.      Responding to Paragraph 10 of the Complaint, Defendant admits that plaintiff Perez is a female.  Defendant states that the allegation regarding "Defendants' place of business" is so vague that Defendant is unable to admit or deny the allegation, and therefore denies the

same.  Defendant lacks sufficient knowledge or information to form a belief about the truth of the remaining allegations of Paragraph 10, and therefore denies the same.

11.     Responding to Paragraph 11 of the Complaint, Defendant admits that it previously employed Plaintiff Perez but denies that her employment began on November 5, 2017. Defendant denies that it still employs Plaintiff Perez.  Further, to the extent that the allegations in this paragraph are directed to the other defendants as well, Defendant has no obligation to respond on behalf of the other defendants, and Defendant denies any and all allegations of Paragraph 11 not expressly admitted herein.

12.     Responding to Paragraph 12 of the Complaint, Defendant admits that Plaintiff Chumba is a male.  Defendant states that the allegation regarding "Defendants' place of business" is so vague that Defendant is unable to admit or deny the allegation, and therefore denies the same.  Defendant lacks sufficient knowledge or information to form a belief about the truth of the remaining allegations of Paragraph 12, and therefore denies the same.

13.     Responding to Paragraph 13 of the Complaint, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 13, and therefore denies the same.

14.     Responding to Paragraph 14 of the Complaint, Defendant denies that it had any involvement in setting Plaintiff Marquez's currently hourly rate, and Defendant denies that it currently employs Plaintiff Marquez.  Further, to the extent that the allegations in this paragraph are directed to the other defendants as well, Defendant has no obligation to respond on behalf of the other defendants, and Defendant denies any and all allegations of Paragraph 14 not expressly admitted herein.

15.     Responding to Paragraph 15 of the Complaint, Defendant denies that it had any involvement in setting Plaintiff Perez's currently hourly rate, and Defendant denies that it currently employs Plaintiff Perez.  Further, to the extent that the allegations in this paragraph are directed to the other defendants as well, Defendant has no obligation to respond on behalf of the other defendants, and Defendant denies any and all allegations of Paragraph 15 not expressly admitted herein.

16.     Responding to Paragraph 16 of the Complaint, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 16, and therefore denies the same.

17.     Responding to Paragraph 17 of the Complaint, Defendant states that the allegations in this paragraph are so vague that Defendant lacks sufficient knowledge or information to form a belief about their truth, and therefore denies the same.  Defendant further denies that Plaintiffs can satisfy the requirements for a collective or class action.

18.     Responding to Paragraph 18 of the Complaint, Defendant lacks sufficient knowledge or information to determine the truth of the allegations in Paragraph 18, and therefore denies the same.

19.     Responding to Paragraph 19 of the Complaint, Defendant lacks sufficient knowledge or information to determine the truth of the allegations in Paragraph 19, and therefore denies the same.

20.     Responding to Paragraph 20 of the Complaint, Defendant admits that it is a limited liability company organized under the laws of the State of Tennessee.  Defendant states that the remaining portion of Paragraph 20 states a legal conclusion to which no response is

required, and to the extent a response is required, Defendant denies the remaining allegations and legal conclusions of Paragraph 20.

21.    Responding to Paragraph 21 of the Complaint, Defendant states that the allegations in this paragraph regarding "all relevant times" are so vague that Defendant lacks sufficient knowledge or information to form a belief about their truth, and therefore denies any and all allegations of Paragraph 21.

22.    Responding to Paragraph 22 of the Complaint, Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph, and therefore denies the same.

23.    Responding to Paragraph 23 of the Complaint, Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph, and therefore denies the same.

24.    Responding to Paragraph 24 of the Complaint, Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph, and therefore denies the same.

25.    Responding to Paragraph 25 of the Complaint, Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph, and therefore denies the same.

26.    Defendant denies the allegations and legal conclusions of Paragraph 26 of the Complaint.

27.    Defendant denies the allegations and legal conclusions of Paragraph 27 of the Complaint.

28.     Responding to Paragraph 28 of the Complaint, Defendant states that the allegations in this paragraph are so vague that Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph, and therefore denies the same.

### PLAINTIFFS' ALLEGATIONS REGARDING JURISDICTION AND VENUE

29.     Responding to Paragraph 29 of the Complaint, Defendant states that this paragraph states legal conclusions to which no response is required.  To the extent a response is required, Defendant does not challenge the Court's subject-matter jurisdiction in this case.

30.     Responding to Paragraph 30 of the Complaint, Defendant states that this paragraph states legal conclusions to which no response is required.  To the extent a response is required, Defendant does not challenge the Court's personal jurisdiction over it.

31.     Responding to Paragraph 31 of the Complaint, Defendant states that this paragraph states legal conclusions to which no response is required.  To the extent a response is required, Defendant does not challenge the Court's subject-matter jurisdiction over Plaintiffs' alleged state law claims, but Defendant denies the validity of such claims.

32.     Responding to Paragraph 32 of the Complaint, Defendant states that this paragraph states legal conclusions to which no response is required.  To the extent a response is required, Defendant does not challenge that venue is appropriate in this Court.

33.     Responding to Paragraph 33 of the Complaint, Defendant states that this paragraph states legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations of Paragraph 33, and Defendant denies that it employed all of the Plaintiffs or that it worked in any sort of joint "enterprise" with the other defendants.

34.     Responding to Paragraph 34 of the Complaint, Defendant states that this paragraph states legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the legal conclusions of Paragraph 34.

35.     Defendant denies the allegations set forth in Paragraph 35 of the Complaint.

**PLAINTIFFS' COLLECTIVE AND CLASS ALLEGATIONS**

36.     Responding to Paragraph 36 of the Complaint, Defendant admits that Plaintiffs Marquez and Perez previously were employed as registered nurses for Defendant, and Defendant denies any and all remaining allegations of Paragraph 36 that are directed to it.  Further, to the extent that the allegations in this paragraph are directed to the other defendants as well, Defendant has no obligation to respond on behalf of the other defendants, and Defendant denies any and all allegations of Paragraph 36 not expressly admitted herein

37.     Responding to Paragraph 37 of the Complaint, Defendant lacks sufficient knowledge or information to determine the truth of the allegations in this paragraph, and therefore denies the same.

38.     Defendant denies the allegations set forth in Paragraph 38 of the Complaint.

39.     Defendant denies the allegations set forth in Paragraph 39 of the Complaint.

40.     Paragraph 40 of the Complaint states legal conclusions to which no response is required.  To the extent a response is required, Defendant states that the FLSA speaks for itself and Defendant denies any and all allegations inconsistent with the FLSA.

41.     Responding to Paragraph 41 of the Complaint, Defendant admits that Plaintiffs have attempted to bring a collective-action FLSA claim pursuant to 29 U.S.C. § 216(b) and that Plaintiffs have attempted to define the Count I class in the manner set forth in Paragraph 41. Defendant denies that Plaintiffs have adequately alleged a claim under FLSA on behalf of

themselves or the putative class, Defendant denies that this case is appropriate for collective treatment, Defendant denies that is has any unlawful policies or practices, Defendant denies that is has violated the FLSA, and Defendant denies all other allegations and legal conclusions of Paragraph 41.

42.     Responding to Paragraph 42 of the Complaint, Defendant admits that Plaintiffs attempt to seek relief on a collective basis.  Defendant denies that this case is appropriate for collective treatment, Defendant denies that it has violated the FLSA, and Defendant denies all remaining allegations and legal conclusions of Paragraph 42.

43.     Responding to Paragraph 43 of the Complaint, Defendant admits that Plaintiffs have attempted to bring a class action pursuant to Federal Rule 23, and that Plaintiffs have attempted to define the Count II class in the manner set forth in Paragraph 43.  Defendant denies that Plaintiffs have adequately alleged an unjust enrichment claim on behalf of themselves and the putative class, Defendant denies that this case is appropriate for class treatment, Defendant denies that is has any unlawful policies or practices, Defendant denies that it has been unjustly enriched, and Defendant denies all other allegations and legal conclusions of Paragraph 43.

44.     Responding to Paragraph 44 of the Complaint, Defendant admits that Plaintiffs have attempted to bring a class action pursuant to Federal Rule 23, and that Plaintiffs have attempted to define the Count III class in the manner set forth in Paragraph 44.  Defendant denies that Plaintiffs have adequately alleged a quantum meruit claim on behalf of themselves or the putative class, Defendant denies that this case is appropriate for class treatment, Defendant denies that is has any unlawful policies or practices, Defendant denies the validity of Plaintiffs' claim for quantum meruit, and Defendant denies all other allegations and legal conclusions of Paragraph 44.

45.     Responding to Paragraph 45 of the Complaint, Defendant admits that Plaintiffs have attempted to bring a class action pursuant to Federal Rule 23, and that Plaintiffs have attempted to define the Count IV class in the manner set forth in Paragraph 45.  Defendant denies that Plaintiffs have adequately alleged a KWPA claim on behalf of themselves or the putative class, Defendant denies that this case is appropriate for class treatment, Defendant denies that it has any unlawful policies or practices, Defendant denies the validity of Plaintiffs' KWPA claim, and Defendant denies all other allegations and legal conclusions of Paragraph 45.

46.     Responding to Paragraph 46 of the Complaint, Defendant admits that Plaintiffs attempt to seek relief on a collective basis.  Defendant denies that this case is appropriate for collective treatment, Defendant denies that it has violated the FLSA, and Defendant denies all remaining allegations and legal conclusions of Paragraph 46.

47.     Paragraph 47 of the Complaint states legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations and legal conclusions set forth in Paragraph 47 of the Complaint.

48.     Paragraph 48 of the Complaint states legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations and legal conclusions set forth in Paragraph 48 of the Complaint.

49.     Paragraph 49 of the Complaint and its subparts state legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations and legal conclusions set forth in Paragraph 49 of the Complaint and its subparts.

50.     Paragraph 50 of the Complaint states legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations and legal conclusions set forth in Paragraph 50 of the Complaint.

51.    Paragraph 51 of the Complaint states legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations and legal conclusions set forth in Paragraph 51 of the Complaint, and Defendant expressly denies that it engaged in any alleged "unlawful practices."

52.    Paragraph 52 of the Complaint states legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations and legal conclusions set forth in Paragraph 52 of the Complaint.

53.    Paragraph 53 of the Complaint states legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations and legal conclusions set forth in Paragraph 53 of the Complaint.

54.    Paragraph 54 of the Complaint states legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations and legal conclusions set forth in Paragraph 54 of the Complaint.

## PLAINTIFFS' GENERAL ALLEGATIONS

55.    Responding to Paragraph 55 of the Complaint, Defendant admits that it utilizes a computerized system that is meant to track clock-in and clock-out times, but Defendant denies that the clock-in and clock-out times always accurately reflect the amount of time actually worked by the employees.  Defendant states that the allegation regarding "all relevant times" is so vague that Defendant lacks sufficient knowledge to admit or deny that aspect of the allegations, and therefore denies the same.  Further, to the extent that the allegations in this paragraph are directed to the other defendants as well, Defendant has no obligation to respond on behalf of the other defendants, and Defendant denies any and all allegations of Paragraph 55 not expressly admitted herein.

56.     Responding to Paragraph 56 of the Complaint, Defendant admits that it has a system that is meant to track, to the minute, the time that an employee clocks in or out, but defendant denies that the clock-in and clock-out times always accurately reflect the time actually worked by employees.  Defendant denies all remaining allegations of Paragraph 56 that are directed to it.  Further, to the extent that the allegations in this paragraph are directed to the other defendants as well, Defendant has no obligation to respond on behalf of the other defendants, and Defendant denies any and all allegations of Paragraph 56 not expressly admitted herein.

57.     Responding to Paragraph 57 of the Complaint, Defendant admits that its timekeeping system generally records changes made to time entries.  Defendant states that the allegation regarding "others similarly situated" is so vague that Defendant lacks sufficient knowledge or information to determine the truth of the allegation, and therefore denies the same.  Further, to the extent that the allegations in this paragraph are directed to the other defendants as well, Defendant has no obligation to respond on behalf of the other defendants, and Defendant denies any and all allegations of Paragraph 57 not expressly admitted herein.

58.     Responding to Paragraph 58 of the Complaint, Defendant denies the allegations set forth in Paragraph 58 of the Complaint that are directed to it.  Further, to the extent that the allegations in this paragraph are directed to the other defendants as well, Defendant has no obligation to respond on behalf of the other defendants, and Defendant denies any and all allegations of Paragraph 58 not expressly admitted herein.

59.     Responding to Paragraph 59 of the Complaint, Defendant is currently without information or knowledge sufficient to determine the truth of the allegations in Paragraph 59 that are directed to it, and therefore denies the same.  Further, to the extent that the allegations in this paragraph are directed to the other defendants as well, Defendant has no obligation to respond on

behalf of the other defendants, and Defendant denies any and all allegations of Paragraph 59 not expressly admitted herein.

60.     Responding to Paragraph 60 of the Complaint, Defendant is currently without information or knowledge sufficient to determine the truth of the allegations in Paragraph 60 that are directed to it, and therefore denies the same.  Further, to the extent that the allegations in this paragraph are directed to the other defendants as well, Defendant has no obligation to respond on behalf of the other defendants, and Defendant denies any and all allegations of Paragraph 60 not expressly admitted herein.

61.     Responding to Paragraph 61 of the Complaint, Defendant is currently without information or knowledge sufficient to determine the truth of the allegations in Paragraph 61 that are directed to it, and therefore denies the same.  Further, to the extent that the allegations in this paragraph are directed to the other defendants as well, Defendant has no obligation to respond on behalf of the other defendants, and Defendant denies any and all allegations of Paragraph 61 not expressly admitted herein.

62.     Responding to Paragraph 62 of the Complaint, Defendant is currently without information or knowledge sufficient to determine the truth of the allegations in Paragraph 62 that are directed to it, and therefore denies the same.  Further, to the extent that the allegations in this paragraph are directed to the other defendants as well, Defendant has no obligation to respond on behalf of the other defendants, and Defendant denies any and all allegations of Paragraph 62 not expressly admitted herein.

63.      Responding to Paragraph 63 of the Complaint, Defendant is currently without information or knowledge sufficient to determine the truth of the allegations set forth in Paragraph 63 that are directed to it, and therefore denies the same.  Further, to the extent that the

allegations in this paragraph are directed to the other defendants as well, Defendant has no obligation to respond on behalf of the other defendants, and Defendant denies any and all allegations of Paragraph 63 not expressly admitted herein.

64.     Responding to Paragraph 64 of the Complaint, is currently without information or knowledge sufficient to determine the truth of the allegations in Paragraph 64 that are directed to it, and therefore denies the same.  Further, to the extent that the allegations in this paragraph are directed to the other defendants as well, Defendant has no obligation to respond on behalf of the other defendants, and Defendant denies any and all allegations of Paragraph 64 not expressly admitted herein.

65.     Responding to Paragraph 65 of the Complaint, Defendant denies the implication that it has a policy or practice of changing clock-in and clock-out times in any sort of manner that inaccurately reflects the time actually worked by its hourly employees.  Defendant admits that its timekeeping system records clock-in and clock-out times to the minute, but Defendant denies that those clock-in and clock-out times are always accurate (for example, when an employee forgets to clock out for lunch, the clock-in and clock-out times will not be accurate). Defendant denies all remaining allegations of Paragraph 65 that are directed to it.  Further, to the extent that the allegations in this paragraph are directed to the other defendants as well, Defendant has no obligation to respond on behalf of the other defendants, and Defendant denies any and all allegations of Paragraph 65 not expressly admitted herein.

66.     Defendant denies the allegations set forth in Paragraph 66 of the Complaint that are directed to it.  Further, to the extent that the allegations in this paragraph are directed to the other defendants as well, Defendant has no obligation to respond on behalf of the other

defendants, and Defendant denies any and all allegations of Paragraph 66 not expressly admitted herein.

67.     Defendant denies the allegations and legal conclusions set forth in Paragraph 67 of the Complaint that are directed to it.  Further, to the extent that the allegations in this paragraph are directed to the other defendants as well, Defendant has no obligation to respond on behalf of the other defendants, and Defendant denies any and all allegations of Paragraph 67 not expressly admitted herein.

## COUNT I - ALLEGED FLSA CLAIM

68.     Responding to Paragraph 68 of the Complaint, Defendant incorporates by reference its responses to all other paragraphs of the Complaint as if fully set forth herein.

69.     Paragraph 69 of the Complaint states legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations and legal conclusions set forth in Paragraph 69 of the Complaint.

70.     Responding to Paragraph 70 of the Complaint, Defendant states that the cited FLSA statutory provisions are written documents that speak for themselves.  Accordingly, Defendant denies any and all allegations that are inconsistent with the cited FLSA provisions.

71.     Paragraph 71 of the Complaint states legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations and legal conclusions set forth in Paragraph 71 of the Complaint that are directed to it.  Further, to the extent that the allegations in this paragraph are directed to the other defendants as well, Defendant has no obligation to respond on behalf of the other defendants, and Defendant denies any and all allegations of Paragraph 71 not expressly admitted herein.

72.     Responding to paragraph 72, Defendant admits that some of its employees provided health care services at the facility known as Menorah Medical Center, and that some of Menorah Medical Center's patients receive inpatient healthcare services.  Defendant denies the allegations of Paragraph 72 that are directed to it.  Further, to the extent that the allegations in this paragraph are directed to the other defendants as well, Defendant has no obligation to respond on behalf of the other defendants, and Defendant denies any and all allegations of Paragraph 72 not expressly admitted herein.

73.     Responding to Paragraph 73, Defendant denies the allegations of this paragraph that are directed to it.  Further, to the extent that the allegations in this paragraph are directed to the other defendants as well, Defendant has no obligation to respond on behalf of the other defendants, and Defendant denies any and all allegations of Paragraph 73 not expressly admitted herein.

74.     Responding to Paragraph 74, Defendant states that it is unclear what the phrase "gross volume of business" means as directed at Defendant, and therefore Defendant is without sufficient information or knowledge to determine the truth of the allegations in this paragraph, and therefore denies the same.  Further, to the extent that the allegations in this paragraph are directed to the other defendants as well, Defendant has no obligation to respond on behalf of the other defendants, and Defendant denies any and all allegations of Paragraph 74 not expressly admitted herein.

75.     Responding to Paragraph 75 of the Complaint, Defendant denies the allegations of Paragraph 72 as directed to it, and expressly denies the implication that it is operating any sort of joint enterprise with the other defendants.  Further, to the extent that the allegations in this paragraph are directed to the other defendants as well, Defendant has no obligation to respond on

behalf of the other defendants, and Defendant denies any and all allegations of Paragraph 75 not expressly admitted herein.

76.     Responding to Paragraph 76 of the Complaint, Defendant denies the allegations of Paragraph 76 as directed to it.  Further, to the extent that the allegations in this paragraph are directed to the other defendants as well, Defendant has no obligation to respond on behalf of the other defendants, and Defendant denies any and all allegations of Paragraph 76 not expressly admitted herein.

77.     Responding to Paragraph 77 of the Complaint, Defendant states that the allegations regarding the "entities outside the state of Kansas" are so vague that Defendant lacks sufficient knowledge or information to admit or deny the allegations, and therefore denies the same.  Defendant further lacks sufficient knowledge or information to admit or deny the allegations regarding the headquarters of the various insurers referenced in this paragraph, and therefore denies the same.  Defendant denies all remaining allegations of Paragraph 77 that are directed to it.  Further, to the extent that the allegations in this paragraph are directed to the other defendants as well, Defendant has no obligation to respond on behalf of the other defendants, and Defendant denies any and all allegations of Paragraph 77 not expressly admitted herein.

78.     Responding to Paragraph 78 of the Complaint, Defendant admits the allegations of this paragraph as directed to Defendant.  Further, to the extent that the allegations in this paragraph are directed to the other defendants as well, Defendant has no obligation to respond on behalf of the other defendants, and Defendant denies any and all allegations of Paragraph 78 not expressly admitted herein.

79.     Responding to Paragraph 79 of the Complaint, Defendant states that the allegations are so vague that Defendant lacks sufficient knowledge or information to determine the truth of the allegations, and therefore denies the same.

80.     Responding to Paragraph 80 of the Complaint, Defendant states that the allegations are so vague that Defendant lacks sufficient knowledge or information to determine the truth of the allegations, and therefore denies the same.

81.     Paragraph 81 of the Complaint states legal conclusions to which no response is required.   To the extent a response is required, Defendant denies the allegations and legal conclusions set forth in Paragraph 81 of the Complaint as directed to it.   Further, to the extent that the allegations in this paragraph are directed to the other defendants as well, Defendant has no obligation to respond on behalf of the other defendants, and Defendant denies any and all allegations of Paragraph 81 not expressly admitted herein.

82.     Paragraph 82 of the Complaint states legal conclusions to which no response is required.   To the extent a response is required, Defendant denies the allegations and legal conclusions set forth in Paragraph 82 of the Complaint as directed to it.   Further, to the extent that the allegations in this paragraph are directed to the other defendants as well, Defendant has no obligation to respond on behalf of the other defendants, and Defendant denies any and all allegations of Paragraph 82 not expressly admitted herein.

83.     Paragraph 83 of the Complaint states legal conclusions to which no response is required.   To the extent a response is required, Defendant states that the allegations regarding "Plaintiffs and others similarly situated" are so vague that Defendant lacks sufficient knowledge or information to determine the truth of the allegations, and therefore denies the same.   Further, the FLSA speaks for itself, and Defendant denies any and all allegations regarding the FLSA that

are inconsistent with the FLSA.  Defendant denies any and all allegations of Paragraph 83 not expressly admitted herein.

84.     Responding to Paragraph 84 of the Complaint, Defendant states that the cited FLSA statutory provisions are written documents that speak for themselves.  Accordingly, Defendant denies any and all allegations that are inconsistent with the written terms of the FLSA.

85.     Paragraph 85 of the Complaint states legal conclusions to which no response is required.  To the extent a response is required, Defendant states that the FLSA speaks for itself regarding its exemptions and overtime requirements, and Defendant denies any and all allegations that are inconsistent with the written terms of the FLSA.

86.     Responding to Paragraph 86 of the Complaint, Defendant denies the allegations of Paragraph 86 that are directed to Defendant.  Further, to the extent that the allegations in this paragraph are directed to the other defendants as well, Defendant has no obligation to respond on behalf of the other defendants, and Defendant denies any and all allegations of Paragraph 86 not expressly admitted herein.

87.     Responding to Paragraph 87 of the Complaint, Defendant denies the allegations of Paragraph 87 that are directed to Defendant.  Further, to the extent that the allegations in this paragraph are directed to the other defendants as well, Defendant has no obligation to respond on behalf of the other defendants, and Defendant denies any and all allegations of Paragraph 87 not expressly admitted herein.

88.     Responding to Paragraph 88 of the Complaint, Defendant denies the allegations of Paragraph 88 that are directed to Defendant.  Further, to the extent that the allegations in this paragraph are directed to the other defendants as well, Defendant has no obligation to respond on

behalf of the other defendants, and Defendant denies any and all allegations of Paragraph 88 not expressly admitted herein.

89.     Responding to Paragraph 89 of the Complaint, Defendant denies the allegations of Paragraph 89 that are directed to Defendant.  Further, to the extent that the allegations in this paragraph are directed to the other defendants as well, Defendant has no obligation to respond on behalf of the other defendants, and Defendant denies any and all allegations of Paragraph 89 not expressly admitted herein.

90.     Responding to Paragraph 90 of the Complaint, Defendant denies the allegations of Paragraph 90 that are directed to Defendant.  Further, to the extent that the allegations in this paragraph are directed to the other defendants as well, Defendant has no obligation to respond on behalf of the other defendants, and Defendant denies any and all allegations of Paragraph 90 not expressly admitted herein.

91.     Responding to Paragraph 91 of the Complaint, Defendant denies the allegations of Paragraph 91 that are directed to Defendant.  Further, to the extent that the allegations in this paragraph are directed to the other defendants as well, Defendant has no obligation to respond on behalf of the other defendants, and Defendant denies any and all allegations of Paragraph 91 not expressly admitted herein.

92.     Responding to Paragraph 92 of the Complaint, Defendant denies that it ever acted in bad faith in any respect.  Defendant states that the remaining allegations of Paragraph 92 that are directed to Defendant state legal conclusions to which no response is required, and to the extent a response is required Defendant states that the legal conclusions and allegations Plaintiff is attempting to draw regarding Defendant's knowledge are so vague that Defendant lacks sufficient information to admit or deny them, and therefore denies the same.  Further, to the

extent that the allegations in this paragraph are directed to the other defendants as well, Defendant has no obligation to respond on behalf of the other defendants, and Defendant denies any and all allegations of Paragraph 92 not expressly admitted herein.

93.     Responding to Paragraph 93 of the Complaint, Defendant admits that Plaintiffs purport to seek damages provided by the FLSA.  Defendant denies that Plaintiffs are entitled to the requested relief, and denies any and all other allegations of Paragraph 93 not expressly admitted herein.

94.     Responding to Paragraph 94 of the Complaint, Defendant admits that Plaintiffs purport to seek various other remedies provided by the FLSA.  Defendant denies that Plaintiffs are entitled to the requested relief, and denies any and all other allegations of Paragraph 94 not expressly admitted herein.

Responding to the WHEREFORE paragraph following paragraph 94 of the Complaint, Defendant denies that Plaintiffs are entitled to any of the relief requested, Defendant requests that the Court deny Plaintiffs any relief whatsoever, and Defendant requests that the Court award Defendant its attorney's fees and costs in defending against Plaintiffs' Count I.

## COUNT II- ALLEGED UNJUST ENRICHMENT

95.     Responding to Paragraph 95 of the Complaint, Defendant incorporates by reference its responses to all other paragraphs of this Complaint as if fully set forth herein.

96.     Responding to Paragraph 96 of the Complaint, Defendant denies the allegations set forth in Paragraph 96 of the Complaint that are directed to Defendant.  Further, to the extent that the allegations in this paragraph are directed to the other defendants as well, Defendant has no obligation to respond on behalf of the other defendants, and Defendant denies any and all allegations of Paragraph 96 not expressly admitted herein.

97.     Responding to Paragraph 97 of the Complaint, Defendant denies that it intentionally refused to pay Plaintiffs or any others at the proper rate for hours worked. Defendant further denies that it ever acted in bad faith in any respect.  Defendant states that the remaining allegations of Paragraph 97 that are directed to Defendant state legal conclusions to which no response is required, and to the extent a response is required Defendant states that the legal conclusions and allegations Plaintiff is attempting to draw regarding Defendant's knowledge are so vague that Defendant lacks sufficient information to admit or deny them, and therefore denies the same.  Further, to the extent that the allegations in this paragraph are directed to the other defendants as well, Defendant has no obligation to respond on behalf of the other defendants, and Defendant denies any and all allegations of Paragraph 97 not expressly admitted herein.

98.     Responding to Paragraph 98 of the Complaint, Defendant denies the allegations set forth in Paragraph 98 of the Complaint that are directed to Defendant.  Further, to the extent that the allegations in this paragraph are directed to the other defendants as well, Defendant has no obligation to respond on behalf of the other defendants, and Defendant denies any and all allegations of Paragraph 98 not expressly admitted herein.

99.     Responding to Paragraph 99, Defendant denies that it has failed to pay Plaintiffs or any others for work performed, and thus denies any alleged injustice.  Defendant further denies any and all remaining allegations of Paragraph 99 that are directed to Defendant.  Further, to the extent that the allegations in this paragraph are directed to the other defendants as well, Defendant has no obligation to respond on behalf of the other defendants, and Defendant denies any and all allegations of Paragraph 99 not expressly admitted herein.

Responding to the WHEREFORE paragraph following Paragraph 99 of the Complaint, Defendant denies that Plaintiffs are entitled to any of the relief requested, Defendant requests that the Court deny Plaintiffs any relief whatsoever, and Defendant requests that the Court award Defendant its attorney's fee and costs for defending against Plaintiffs' Count II.

## COUNT III - ALLEGED QUANTUM MERUIT

100.     Responding to Paragraph 100 of the Complaint, Defendant incorporates by reference its responses to all other paragraphs of the Complaint as if fully set forth herein.

101.     Responding to Paragraph 101, Defendant admits that Plaintiffs performed services at the Menorah Medical Center facility.  Defendant denies any implication that it employed all Plaintiffs, and Defendant denies any and all remaining allegations of Paragraph 101 that are directed to it.  Further, to the extent that the allegations in this paragraph are directed to the other defendants as well, Defendant has no obligation to respond on behalf of the other defendants, and Defendant denies any and all allegations of Paragraph 101 not expressly admitted herein.

102.     Responding to Paragraph 102 of the Complaint, Defendant states that the allegations of this paragraph are so vague that Defendant lacks sufficient knowledge or information to determine the truth of the allegations, and therefore denies the same.

103.     Responding to Paragraph 103 of the Complaint, Defendant states that the allegations of this paragraph are so vague that Defendant lacks sufficient knowledge or information to determine the truth of the allegations, and therefore denies the same.

104.     Responding to Paragraph 104 of the Complaint, Defendant states that the allegations of this paragraph are so vague that Defendant lacks sufficient knowledge or information to determine the truth of the allegations, and therefore denies the same.

105.   Responding to Paragraph 105 of the Complaint, Defendant states that the allegations of this paragraph are so vague that Defendant lacks sufficient knowledge or information to determine the truth of the allegations, and therefore denies the same.

Responding to the WHEREFORE paragraph following Paragraph 105 of the Complaint, Defendant denies that Plaintiffs are entitled to any of the relief requested, Defendant requests that the Court deny Plaintiffs any relief whatsoever, and Defendant requests that the Court award Defendant its attorney's fees and costs incurred in defending against Plaintiffs' Count III.

## COUNT IV - ALLEGED WILLFUL VIOLATION OF
## THE KANSAS WAGE PAYMENT ACT ("KWPA")

106.   Responding to Paragraph 106 of the Complaint, Defendant incorporates by reference it responses to all other paragraphs of the Complaint as if fully set forth herein.

107.   Paragraph 107 of the Complaint states legal conclusions to which no response is required.  To the extent a response is required, Defendant states that the KWPA speaks for itself regarding its rights, protections, and benefits, and Defendant denies any and all allegations that are inconsistent with the written terms of the KWPA.

108.   Paragraph 108 of the Complaint states legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations and legal conclusions set forth in Paragraph 108 of the Complaint as directed to it.  Further, to the extent that the allegations in this paragraph are directed to the other defendants as well, Defendant has no obligation to respond on behalf of the other defendants, and Defendant denies any and all allegations of Paragraph 108 not expressly admitted herein.

109.   Paragraph 109 of the Complaint states legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations and legal conclusions set forth in Paragraph 109 of the Complaint as directed to it.  Further, to the extent

that the allegations in this paragraph are directed to the other defendants as well, Defendant has no obligation to respond on behalf of the other defendants, and Defendant denies any and all allegations of Paragraph 109 not expressly admitted herein.

110.   Responding to Paragraph 110 of the Complaint, Defendant admits that Plaintiffs have attempted to bring an action on behalf of themselves and all other similarly situated for violations of the KWPA.   Defendant denies that Plaintiffs have adequately alleged a KWPA claim on behalf of themselves or any others.   Defendant denies the validity of Plaintiffs' KWPA claim, and Defendant denies all other allegations and legal conclusions of Paragraph 110. Further, to the extent that the allegations in this paragraph are directed to the other defendants as well, Defendant has no obligation to respond on behalf of the other defendants, and Defendant denies any and all allegations of Paragraph 110 not expressly admitted herein.

111.   Defendant denies the allegations of Paragraph 111 that are directed to it.   Further, to the extent that the allegations in this paragraph are directed to the other defendants as well, Defendant has no obligations to respond on behalf of the other defendants, and Defendant denies any and all allegations of Paragraph 111 not expressly admitted herein.

112.   Responding to Paragraph 112 of the Complaint, Defendant admits that it has a system that is meant to track, to the minute, the time that an employee clocks in or out, but Defendant denies that the clock-in and clock-out times always accurately reflect the time actually worked by employees (for example, when an employee forgets to clock out while on his or her lunch break).   Defendant denies all remaining allegations of Paragraph 112 that are directed to it. Further, to the extent that the allegations in this paragraph are directed to the other defendants as well, Defendant has no obligation to respond on behalf of the other defendants, and Defendant denies any and all allegations of Paragraph 112 not expressly admitted herein.

113.   Responding to Paragraph 113 of the Complaint, Defendant admits that its timekeeping system generally records changes made to time entries.  Defendant states that the allegation regarding "others similarly situated" is so vague that Defendant lacks sufficient knowledge or information to determine the truth of the allegation, and therefore denies the same. Further, to the extent that the allegations in this paragraph are directed to the other defendants as well, Defendant has no obligation to respond on behalf of the other defendants, and Defendant denies any and all allegations of Paragraph 113 not expressly admitted herein.

114.   Responding to Paragraph 114 of the Complaint, Defendant denies the allegations set forth in Paragraph 114 of the Complaint that are directed to it.  Further, to the extent that the allegations in this paragraph are directed to the other defendants as well, Defendant has no obligation to respond on behalf of the other defendants, and Defendant denies any and all allegations of Paragraph 114 not expressly admitted herein.

115.   Responding to Paragraph 115 of the Complaint, Defendant denies the allegations and legal conclusions of Paragraph 115 that are directed to Defendant.  Further, to the extent that the allegations and legal conclusions in this paragraph are directed to the other defendants as well, Defendant has no obligation to respond on behalf of the other defendants, and Defendant denies any and all allegations and legal conclusions of Paragraph 115 not expressly admitted herein.

116.   Defendant denies the allegations of paragraph 116.  Further, to the extent that the allegations in this paragraph are directed to the other defendants as well, Defendant has no obligation to respond on behalf of the other defendants, and Defendant denies any and all allegations of Paragraph 116 not expressly admitted herein.

117.   Responding to Paragraph 117 of the Complaint, Defendant denies the allegations of Paragraph 117 that are directed to Defendant.  Further, to the extent that the allegations in this paragraph are directed to the other defendants as well, Defendant has no obligation to respond on behalf of the other defendants, and Defendant denies any and all allegations of Paragraph 117 not expressly admitted herein.

118.   Responding to Paragraph 118 of the Complaint, Defendant denies the allegations and legal conclusions of Paragraph 118 that are directed to Defendant.  Further, to the extent that the allegations and legal conclusions in this paragraph are directed to the other defendants as well, Defendant has no obligation to respond on behalf of the other defendants, and Defendant denies any and all allegations and legal conclusions of Paragraph 118 not expressly admitted herein.

119.   Responding to Paragraph 119 of the Complaint, Defendant denies the allegations and legal conclusions of Paragraph 119 that are directed to Defendant.  Further, to the extent that the allegations and legal conclusions in this paragraph are directed to the other defendants as well, Defendant has no obligation to respond on behalf of the other defendants, and Defendant denies any and all allegations and legal conclusions of Paragraph 119 not expressly admitted herein.

120.   Responding to Paragraph 120 of the Complaint, Defendant denies the allegations and legal conclusions of Paragraph 120 that are directed to Defendant.  Further, to the extent that the allegations and legal conclusions in this paragraph are directed to the other defendants as well, Defendant has no obligation to respond on behalf of the other defendants, and Defendant denies any and all allegations and legal conclusions of Paragraph 120 not expressly admitted herein.

121.   Responding to Paragraph 121 of the Complaint, Defendant denies the allegations and legal conclusions of Paragraph 121 that are directed to Defendant.  Further, to the extent that the allegations and legal conclusions in this paragraph are directed to the other defendants as well, Defendant has no obligation to respond on behalf of the other defendants, and Defendant denies any and all allegations and legal conclusions of Paragraph 121 not expressly admitted herein.

122.   Responding to Paragraph 122 of the Complaint, Defendant denies the allegations and legal conclusions of Paragraph 122 that are directed to Defendant.  Further, to the extent that the allegations and legal conclusions in this paragraph are directed to the other defendants as well, Defendant has no obligation to respond on behalf of the other defendants, and Defendant denies any and all allegations and legal conclusions of Paragraph 122 not expressly admitted herein.

123.   Responding to Paragraph 123 of the Complaint, Defendant denies the allegations and legal conclusions of Paragraph 123 that are directed to Defendant.  Further, to the extent that the allegations and legal conclusions in this paragraph are directed to the other defendants as well, Defendant has no obligation to respond on behalf of the other defendants, and Defendant denies any and all allegations and legal conclusions of Paragraph 123 not expressly admitted herein.

124.   Responding to Paragraph 124 of the Complaint, Defendant admits that Plaintiffs purport to seek various other remedies provided by the KWPA.  Defendant denies that Plaintiffs are entitled to the requested relief, and denies any and all other allegations of Paragraph 124 not expressly admitted herein.

Responding to the WHEREFORE paragraph following Paragraph 124 of the Complaint, Defendant denies that Plaintiffs are entitled to any of the relief requested, Defendant requests that the Court deny Plaintiffs any relief whatsoever, and Defendant requests that the Court award Defendant its attorney's fees and costs incurred in defending against Plaintiffs' Count IV.

## FURTHER PLEADING, DEFENSES, AND AFFIRMATIVE DEFENSES

1.      Answering further, unless specifically admitted to above, Defendant denies each and every allegation and legal conclusion contained in Plaintiffs' Complaint.

2.      Answering further, Defendant states that certain of Plaintiffs' claims are barred by the applicable statutes of limitation in whole or in part.

3.      Answering further, Defendant states that Plaintiffs' Complaint fails to state a claim upon which relief may be granted.

4.      Answering further, Defendant states that there is no basis in law or in fact on which Plaintiffs are entitled to recover damages.

5.      Answering further, Defendant states that Plaintiffs' request for certain forms of equitable relief pursuant to their equitable claims, such as compensatory damages, prejudgment interest, attorney's fees and costs, are for the Court, and not a jury, to decide.

6.      Answering further, Defendant states that any alleged unlawful conduct engaged in by Defendant's agents or employees, supervisory or otherwise, was outside the scope of their employment and was contrary to Defendant's good faith efforts to comply with any and all applicable laws, including the FLSA.

7.      Answering further, Plaintiffs are unable to make a showing of willful conduct by Defendant that would allow their claim to reach beyond the two-year statute of limitations under the FLSA.

8.      Answering further, Plaintiffs cannot establish that Defendant engaged in willful conduct within the meaning of the FLSA.

9.      Answering further, Plaintiffs are not entitled to liquidated damages because any alleged acts or omissions of Defendant were undertaken in good faith, and Defendant has reasonable grounds for believing their acts or omissions did not violate the FLSA.

10.     Answering further, Plaintiffs are not entitled to recover any costs of this proceeding or attorney's fees from Defendant because Defendant has complied with the requirements of the FLSA.

11.     Answering further, Defendant paid its employees fully and properly and in accordance with the FLSA, and thus Plaintiffs' FLSA claims should be denied.

12.     Answering further, Defendant did not employ each of Plaintiffs, and thus Defendant has no liability under the FLSA or the common-law for those individuals it did not employ.

13.     Answering further, Defendant has not been unjustly enriched at any of Plaintiffs' expense  because Plaintiffs have been paid fully and fairly for the time they worked.

14.     Answering further, Plaintiffs have been paid a reasonable and fair value for any and all hours they worked, and thus their claims for quantum meruit should be denied.

15.     Answering further, Plaintiffs' equitable claims should be denied based on laches and because Plaintiffs have unclean hands.

16.     Answering further, Plaintiffs' request to treat this case as a class or collective action should be denied because Plaintiffs' claims are not suitable for class or collective treatment due to the fact that the other individuals providing services at Menorah Medical Center are not similarly situated to Plaintiffs, and unique and individual issues with respect to such other service providers and employees predominate over any purported common issues.  A class or collective action is not the most superior method to resolve any other claims of any other individuals beyond the named Plaintiffs.

17.     Answering further, Defendant states that the damages sustained by Plaintiffs, if any, were solely caused by Plaintiffs' own conduct or the conduct of others over whom Defendant had no control and for which Defendant cannot be liable.

18.     Answering further, Defendant states that Plaintiffs' claims and/or damages may be barred in whole or in part by the doctrine of after-acquired evidence.

WHEREFORE, having fully answered Plaintiffs' Complaint and having asserted its Defenses and Affirmative Defenses, Defendant prays that this Court enter judgment in Defendant's favor, that costs and attorney's fees be assessed against Plaintiffs, and for such other relief as the Court deems just and proper.

Dated:  January 16, 2020

Respectfully submitted,

**BRYAN CAVE LEIGHTON PAISNER LLP**

By: s/ *Timothy J. Davis*
    Timothy J. Davis (KS # 24901)
    Sarah R. Holdmeyer (KS # 27584)
    1200 Main Street, Suite 3800
    Kansas City, MO 64105
    (816) 374-3200 telephone
    (816) 374-3300 facsimile
    tim.davis@bclplaw.com
    sarah.holdmeyer@bclplaw.com

ATTORNEYS FOR DEFENDANT
HEALTHTRUST WORKFORCE SOLUTIONS
LLC

## CERTIFICATE OF SERVICE

       I certify that on this 16th day of January 2020, a true and correct copy of the foregoing was filed with the Court's electronic filing system, which sent electronic notice of this filing to the following counsel of record:

Ryan M. Paulus
Brittany C. Mehl
CORNERSTONE LAW FIRM
8350 N. St. Clair Ave., Suite 225
Kansas City, MO 64151
r.paulus@conrnerstonefirm.com
b.mehl@cornerstonefirm.com
ATTORNEY FOR PLAINTIFFS

                              s/ *Timothy J. Davis*
                              Attorney for Defendant