**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

**TAMMIE MARQUEZ, et al.,** *on behalf of*
*themselves and all others similarly situated,*

     **Plaintiffs,**

v.

**MIDWEST DIVISION MMC, LLC, et al.,**

     **Defendant.**

**Case No. 19-2362-DDC-JPO**

---

## MEMORANDUM AND ORDER

Plaintiffs filed this lawsuit against defendants for unpaid compensation and related penalties and damages. Doc. 27 at 2 (Second Am. Compl. ¶ 1). Plaintiffs' Second Amended Complaint asserts (1) a collective action under the Fair Labor Standards Act, 29 U.S.C. §§ 201–19, "to recover unpaid minimum and/or overtime wages owed to Plaintiffs and others similarly situated;" (2) "a class action under Kansas common law for unjust enrichment and quantum meruit to recover unpaid compensation for all hours worked owed to Plaintiffs and others similarly situated;" and (3) a class action under the Kansas Wage Payment Act, Kan. Stat. Ann. §§ 44-313–44-327, "to recover unpaid wages owed to Plaintiffs and others similarly situated." *Id.* (Second Am. Compl. ¶ 6).

Several months ago, the parties notified the court that they had reached a settlement of the matter. Doc. 75. And recently, plaintiffs filed an Unopposed Motion for Preliminary Approval of Class and Collective Action Settlement. Doc. 93. In connection with that motion, defendants have filed an Unopposed Motion for Leave to File Settlement Agreement Under Seal. Doc. 92. Defendants' motion asks for leave to file under seal the parties' Settlement Agreement

because "the terms of the Settlement Agreement, and in particular the monetary amount of the settlement, should remain confidential so that it will not have any impact on Defendants' ability to negotiate and resolve any future disputes of a similar nature that might arise." Doc. 92 at 2. And, "[m]ore generally," defendants assert that "making public the amount of monetary payments made in compromise of highly-disputed cases will ultimately chill litigants' willingness to compromise and settle such claims." *Id.* Also, defendants cite federal district court cases from outside the Tenth Circuit that have approved sealing settlement agreements in FLSA and other cases.

The court denies defendants' request for leave to file the Settlement Agreement under seal. The Supreme Court recognizes a "general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S 589, 597 (1978) (citations omitted). A party may rebut "the strong presumption in favor of public access to judicial records" only if it demonstrates that "countervailing interests heavily outweigh the public interests in access." *Mann v. Boatright*, 477 F.3d 1140, 1149 (10th Cir. 2007) (citation and internal quotation marks omitted).

Defendants' general concerns here about confidentiality don't suffice to overcome the strong presumption favoring public access to judicial records, especially in this context where the court must approve the parties' Settlement Agreement of their FLSA claims. *See Dolores v. BJS, Inc.*, No. 17-2224-JWL, 2017 WL 4573311, at *1 (D. Kan. Oct. 13, 2017) ("[T]he mere fact that the parties desire a confidential settlement is not sufficient to outweigh the strong presumption of public access to judicial records. Indeed, the overwhelming trend among courts is to refuse to seal FLSA settlement agreements absent a specific concern about confidentiality."). Also, several courts, including our own, have "flatly rejected" requests to seal FLSA settlement

agreements on the basis that sealing the agreement "is necessary to protect defendants from potential 'copycat' litigation." *Id.* at *2 (collecting cases). So, defendants' concerns about their ability to negotiate and resolve future disputes if the Settlement Agreement is made public isn't a sufficient justification for overcoming the strong presumption favoring public access to judicial records.

Finally, the court isn't persuaded by defendants' out-of-Circuit authority permitting parties to file settlement agreements under seal. In contrast, our court repeatedly has denied requests "to seal [an] FLSA settlement agreement when presented with only generic confidentiality concerns." *Alewel v. Dex One Serv., Inc.*, No. 13-2312-SAC, 2013 WL 6858504, at *5 (D. Kan. Dec. 30, 2013) (first citing *Gambrell v. Weber Carpet, Inc.*, No. 10-2131-KHV, 2011 WL 3518172, at *1 (D. Kan. Aug. 11, 2011); then citing *McCaffrey v. Mortg. Sources, Corp.*, No. 08-2660-KHV, 2010 WL 4024065, at *2 (D. Kan. Oct. 13, 2010)); *see also Dolores*, 2017 WL 4573311, at *2 (denying motion for leave to file FLSA settlement agreement under seal because "the parties' settlement agreement, once it has been approved by the court and maintained in the court's file, will constitute a judicial record that is presumptively open to the public for review of the court's fairness in its decision-making" and the parties had failed to rebut that "presumption because they [had] not shown that any need for confidentiality or the potential for copycat litigation heavily outweighs the public's interest in access" (citation and internal quotation marks omitted)); Mem. & Order, *Stubrud v. Daland Corp.*, No. 14-2252-JWL (D. Kan. Oct. 8, 2015), ECF No. 75 at 4–5 (denying motion for leave to file FLSA settlement agreement under seal because the parties had not "shown that any need for confidentiality or the potential for copycat litigation heavily outweighs the public's interest in access").

For all these reasons, the court denies defendants' Unopposed Motion for Leave to File Settlement Agreement Under Seal (Doc. 92).

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendants' Unopposed Motion for Leave to File Settlement Agreement Under Seal (Doc. 92) is denied.

**IT IS SO ORDERED.**

**Dated this 24th day of January, 2022, at Kansas City, Kansas.**

**s/ Daniel D. Crabtree**
**Daniel D. Crabtree**
**United States District Judge**

4